# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Limor Caspi,

        Plaintiff,

v.

Metropolitan Property and Casualty
Insurance Company, et al.,

        Defendants.

No. CV-19-04707-PHX-DJH

**ORDER SETTING RULE 16
SCHEDULING CONFERENCE**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a <u>Scheduling Conference</u> is set for <u>October 3, 2019</u> at <u>2:00 p.m.</u> in Courtroom 605, Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.  In preparation for this Scheduling Conference, and taking into account that Rule 1 of the Federal Rules of Civil Procedure requires that these Rules be construed and administered to secure the just, speedy and inexpensive determination of every action,

      **IT IS HEREBY ORDERED** as follows:

## A.  Mandatory Initial Discovery Pilot Project.

The Court is participating in the Mandatory Initial Discovery Pilot Project ("MIDP").  (Doc. 3).  The MIDP was approved by the Judicial Conference of the United States and has been implemented in this District by General Order 17-08.  The MIDP applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act ("PSLRA"), and cases transferred for consolidated administration in this District by the Judicial Panel on

Multidistrict Litigation.  The discovery obligations in the MIDP supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery. Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), the MIDP does not allow parties to opt out.  Thus, if your case was filed after May 1, 2017 and does not fall within one of the exceptions identified above, you must comply with the discovery obligation of the MIDP.  You should have received a notice regarding the pilot project when your case was filed or you were served, and you should already be complying with the MIDP.  Resources related to the MIDP are available on the Court's website at www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot  and  on  the  Federal Judicial Center website at www.fjc.gov/content/321838/midpp-arizona.

### *B.  Rule 26(f) Meeting and Filing of the Joint Case Management Report*

The parties are directed to meet and confer **at least 21 days** before the Scheduling Conference as Fed.R.Civ.P. 26(f) requires.  It is the plaintiff's responsibility to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report. The defendant shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The plaintiff shall file the Joint Case Management Report with the Clerk **not less than seven (7) days** before the Rule 16 Scheduling Conference.  When filing the Joint Case Management Report, the event category "Rule 26(f) Report re: MIDP" shall be selected.

The Court will use the Joint Case Management Report for purposes of entering a Rule 16 Scheduling Order.  Therefore, the parties should be prepared to have the Joint Case Management Report serve as the sole basis for the Court's Rule 16 Scheduling Order.

If the parties currently are engaged in settlement negotiations, the plaintiff's counsel shall advise the Court **within seven (7) days** from the date of this Order, and shall specify the date by which the parties expect to conclude their settlement negotiations.

***C.  Joint Case Management Report***

At the Rule 26(f) Case Management Meeting, the parties shall discuss the following matters and develop a Joint Case Management Report.  This joint report shall include individually numbered paragraphs addressing the following:

1. A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

2. A short statement of the nature of the case (3 pages or less), including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute;

3. The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes, if any;

4. Parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared, including fictitious parties.  Unless any party can otherwise show cause, an order shall accompany the Joint Case Management Report dismissing any party which has not been served, naming fictitious or unnamed parties, or seeking default judgment on any non-appearing party.

5. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days from the issuance of the Rule 16 Scheduling Order);

6. A list of contemplated motions and a statement of the issues to be decided by these motions;

7. Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c);

8. The status of related cases pending before other courts or other judges of this Court;

9. A statement of when the parties exchanged or will exchange Fed.R.Civ.P. 26(a) Initial Disclosures;

10.    A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced (*see* Fed.R.Civ.P 16(b)(3)(B)(iii); Fed.R.Civ.P. 26(f)(3) (C));

11.    A discussion of any issues relating to claims of privilege or work product (*see* Fed.R.Civ.P. 16(b)(3)(B)(iv); Fed.R.Civ.P. 26(f)(3)(D));

12.    A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference.  If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report.

13.    A discussion of necessary discovery, including:

a.    The extent, nature, and location of discovery anticipated by the parties;

b.    The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues.

c.    Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

d.    The number of hours permitted for each deposition, unless modified by agreement of the parties.  *See* Fed.R.Civ.P. 30(d)(1).

14.    A statement of when the parties served their MIDP discovery responses;

15.    Proposed specific dates for each of the following:

a.    A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP;[1]

b.    Dates for complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(E), including separate dates for plaintiff's expert disclosure,

---

[1] General Order 17-08 should be reviewed carefully.  It requires parties to timely supplement their MIDP responses as new information is discovered.  Parties who fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions.  Parties who unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

defendant's expert disclosure, and for rebuttal expert disclosure; [2]

        c.     A deadline for completion of all expert depositions;

        d.     A deadline for filing dispositive motions;

        e.     A date by which the parties shall have engaged in face-to-face good faith settlement talks;

16.    Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reasons why the request is contested;

17.    The estimated length of trial; and

18.    The prospects for settlement, including any request of the Court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement.

### D. Other Matters

The parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery.  Additionally, the parties should ensure that all filings comply with Local Rules of Civil Procedure 7.1, 7.2, and 56.

The Clerk of the Court shall send copies of this order to all counsel of record and to any unrepresented parties.

Dated this 24th day of July, 2019.

Honorable Diane J. Humetewa
United States District Judge

---

[2] No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).