# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Limor Caspi, | No. CV-19-04707-PHX-MTL |
| Plaintiff, | **ORDER SETTING FINAL PRETRIAL CONFERENCE AND JURY TRIAL** |
| v. | |
| Economy Preferred Insurance Company, | |
| Defendant. | |

Pursuant to the Telephonic Conference held December 18, 2020, and Rule 16(e) of the Federal Rules of Civil Procedure,

**IT IS ORDERED** setting Jury Trial in this matter for **Monday, June 28, 2021, at 9:00 a.m.**, in Courtroom 504. Trial will be held on June 28 – July 2.

**IT IS FURTHER ORDERED** setting a Final Pretrial Conference for **Monday, June 14, 2021, at 10:00 a.m.**, in Courtroom 504.  In preparation for the Final Pretrial Conference, it is hereby ordered:

1. Attendance Required.  The attorneys (or pro se parties) who will be responsible for the trial of the case must attend the Final Pretrial Conference.  The attendees must bring their calendars so trial scheduling can be discussed.

2. Joint Proposed Final Pretrial Order.

The parties must jointly prepare a Joint Proposed Final Pretrial Order and lodge it with the Court by **June 7, 2021**.   The parties also must submit a copy of the Joint Proposed   Final   Pretrial   Order   to   the   Court   in   Word   format   to

liburdi_chambers@azd.uscourts.gov. The parties must also submit a paper copy of the Joint Proposed Final Pretrial Order to the judge's mail box located in the Clerk's office by the next business day after the electronic filing.

The parties must exchange drafts of the Joint Proposed Final Pretrial Order no later than 30 days before the submission deadline. The Plaintiff(s) has the burden of initiating such communications.

Preparation and lodging of the Joint Proposed Final Pretrial Order in accordance with the requirements of this Order will be deemed to satisfy the disclosure requirements of Rule 26(a)(3) of the Federal Rules of Civil Procedure.

The Joint Proposed Final Pretrial Order must include, but is not limited to, the information prescribed in the Joint Proposed Final Pretrial Order—see Attachment #3. The included information must be presented in concise narrative statements.

3.     Marking of Exhibits.  The parties shall number exhibits as provided in Attachment #1. The exhibit numbers shall correspond with those listed in the Joint Proposed Final Pretrial Order. The parties must meet in person to exchange marked copies of all exhibits to be used at trial no later than 30 days before the submission deadline for the Joint Proposed Final Pretrial Order. Any exhibit not marked and exchanged at this meeting shall be precluded at trial. During this meeting, the parties also must eliminate any duplicate exhibits.[1] The marked exhibits shall thereafter remain unaltered absent an order from the Court. Objections to exhibits must be listed in the Joint Proposed Final Pretrial Order—see Attachment #3.

4.     Preclusion of Undisclosed Matters.  The Court will not allow the parties to offer any exhibit, witness, or other evidence that was not disclosed in accordance with

---

[1] During the in-person meeting, the exhibits must be in the exact physical form that will be used at trial.  If a party intends to offer a paper exhibit at trial, that party must have a marked paper copy at the in-person meeting, not an electronic copy.  Also, the parties should mark their exhibits exactly as they intend to offer them at trial.  During trial, exhibits will be admitted or rejected in their entirety.  Thus, if any part of an exhibit is objectionable, it will be excluded in its entirety.  The parties will not be permitted to break offered exhibits into admissible sub-parts if an objection is sustained.

- 2 -

this Order, disclosed in accordance with the Federal Rules of Civil Procedure, and listed in the Joint Proposed Final Pretrial Order, except to prevent manifest injustice.

5.    Motions in Limine.  If this case will be tried to the Court, the parties may not file Motions in Limine.  If this case will be tried to a jury, the parties must file all Motions in Limine no later than **May 28, 2021**.[2]  Each party may file no more than five Motions in Limine.  Responses must be filed no later than **June 4, 2021**. No replies are permitted.  Each Motion in Limine must include proposed language for the order being sought from the Court, and the proposed language must state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence.  The motions and responses must not exceed five pages.  Counsel and any pro se parties shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

6.    Other Case-Related Documents (Jury Trial).  If this case will be tried to a jury, the parties must, by the deadline for filing the Joint Proposed Final Pretrial Order, file the following documents:

a.    A stipulated joint description of the case to be read to the jury.

b.    A joint master list of the names of every witness who may be called at trial, to be used during voir dire.

c.    A joint proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties should stipulate to the proposed questions. If the parties have any disagreement about a particular question, the objecting party or parties must state the reason for their objection below the question.

d.    Each party shall file a proposed form of verdict, including any proposed special verdict forms or juror interrogatories.

---

[2] Pursuant to LRCiv 7.2(l), "[n]o opposed motion in limine will be considered or decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion."

e.    A joint list of proposed jury instructions.  See Attachment #2 for further instructions.

The parties must also submit copies of these documents in Word format to liburdi_chambers@azd.uscourts.gov.

7.    Other Case-Related Documents (Bench Trial).  If this case will be tried to the Court, the parties must, by the deadline for filing the Joint Proposed Final Pretrial Order, file Proposed Findings of Fact and Conclusions of Law. The Proposed Findings of Fact and Conclusions of Law should also be submitted in Word format to liburdi_chambers@azd.uscourts.gov.

8.    In order to facilitate the creation of an accurate record, the parties must prepare a "Notice to Court Reporter" **one week before trial** containing the following information that may be used at trial:

(a)    Proper names, including those of witnesses.

(b)    Acronyms.

(c)    Geographic locations.

(d)    Technical (including medical) terms, names or jargon.

(e)    Case names and citations.

(f)    Pronunciation of unusual or difficult words or names.

This notice need not be filed but shall be provided via email to Barbara Stockford at barbara_stockford@azd.uscourts.gov. She can be reached at 602-322-7247.

Counsel shall also advise the court reporter as soon as possible if they would like to receive a real-time feed or daily turnaround transcript of the proceedings.

9.    Settlement Discussions.  The parties must keep the Court informed of the possibility of settlement and, should settlement be reached, the parties shall promptly present a Stipulation and Order of Dismissal for signature by the undersigned.  Mere submission of a Notice of Settlement or notification by phone or e-mail of settlement shall not suffice to vacate the trial date, nor excuse the parties from being ready and able to proceed with trial at the time and on the date set for trial.  Filing a Notice of Settlement

- 4 -

shall not prevent the assessment of jury fees notwithstanding Local Rule of Civil Procedure 40.2(c).

10. Courtroom Protocol. Counsel shall review this Court's statement of Courtroom Protocol before the Final Pretrial Conference. A copy can be found on the Court's website at www.azd.uscourts.gov under (1) Judges' Information, (2) Orders, Forms and Procedures, and (3) Michael T. Liburdi.

11. Compliance Required. The Court views compliance with the provisions of this Order as critical to its case management responsibilities and to the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure. Thus, full and complete compliance with this Order is required.

Dated this 18th day of December, 2020.

Michael T. Liburdi
United States District Judge

**ATTACHMENT #1**
**EXHIBITS - MARKING, LISTING AND CUSTODY**
For United States District Court Judge
**Hon. Michael T. Liburdi** (Judge Code B095)

Forms to assist you in preparing exhibit and witness lists and marking exhibits are available at www.azd.uscourts.gov under the "Judges' Information" tab, "Orders, Forms, & Procedures."

## MARKING EXHIBITS:

**Marking and listing of exhibits is the responsibility of counsel.** Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein.

**Exhibits submitted in an incorrect format will be returned to counsel to be corrected and resubmitted.**

1. Exhibit cover sheets should be printed on colored paper to indicate the party offering the exhibit: YELLOW for plaintiff, BLUE for defendant/respondent.

2. Exhibit cover sheets should be stapled to the top of the original exhibit.

3. If the exhibit is too large to staple, use a 2-hole ACCO fastener to fasten the exhibit together at the top of the page with the exhibit cover sheet attached to the front. Please do not use paperclips, binder clips, or rubber bands.

4. Exhibit labels are available (in blue or yellow) where stapling cover sheet is not an option. Labels are to be placed on the reverse side of the exhibit in the lower right-hand corner. Please notify the courtroom deputy if labels are needed.

5. Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or marked in a logical location on the item or on the plastic bag containing the item. Large charts should be identified in the lower right-hand corner with an exhibit label. If the exhibit is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

## NUMBERING EXHIBITS:

1. Plaintiff should start with Number 1 and advise defendant as to the estimated number of exhibits. Defendant should start with subsequent numbers but allowing space for additional exhibits that may be marked during trial. (Example: Plaintiff 1-80; Defendant starts at 100).

2. Use NUMBERS ONLY except when identifying sub-parts (e.g. 3a, 3b, 3c). If sub-parts will be more than a-z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, etc. or 3-1, 3-2,3-3, etc.) It is very difficult for the court, counsel/parties, clerk and court reporter to ask for or listen for exhibits 1aa-1eeee. Categorizing exhibits should be kept as simple and clear as possible. For the most part, USE NUMBERS.

3. The parties shall consult with one another prior to marking exhibits to **avoid marking duplicates**. Either side may move the other's exhibits into evidence.

4. BATES stamp numbers may be placed on each page of larger documents for easier reference. Bocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs, etc.).

## **DELIVERING EXHIBITS:**

**Exhibits shall be delivered to the courtroom deputy by no later than the first day of trial unless otherwise directed.**

1. Place all marked exhibits in separate folders (manila or similar) clearly labeled with their corresponding exhibit numbers. Folders of exhibits may be presented to the clerk in an accordion file or file box (depending on the quantity) in numeric order. This will allow the clerk to easily access a particular exhibit during trial. DO NOT attached exhibits to the folders.

2. Prepare additional exhibit cover sheets and folders for any exhibits that may be added to during trial.

3. DO NOT place trial exhibits binders except when the binder is considered ONE marked exhibit. If a binder is used for an individual exhibit, an exhibit cover sheet or label should be securely attached to the front of the binder.

4. During trial, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

## **COURTESY COPIES OF EXHIBITS:**

**A courtesy copy of all exhibits should be prepared for the Judge.** Copies of exhibits should be presented prior to trial in a 3-ring binder with numbered tabs corresponding with the exhibit numbers.

Judge's copies of exhibits DO NOT need exhibit cover sheets/labels on them.

**IMPEACHMENT EXHIBITS:**

1. Impeachment exhibits are to be given to the courtroom deputy **the first day of trial** (unless directed otherwise) in a SEALED envelope. The envelope should be marked with the caption of the case, case number, and shall identify the party presenting the exhibit.

2. If there are multiple exhibits in one envelope, mark each exhibit with a separate number so that it may be easily identified. DO NOT use numbers already assigned to non-impeachment exhibits. If the exhibit is admitted into evidence, the courtroom deputy will assign the exhibit the next available number.

3. Include copies of all impeachment exhibits in the envelope for the Court and for counsel.

4. Prepare an impeachment exhibit list for the courtroom deputy in the proper format and a courtesy copy for the Court.

**DEPOSITIONS:**

Depositions ARE NOT to be marked as exhibits.

Identify depositions by party (so they can be returned to the correct party after trial), place them in alphabetical order, and give them to the courtroom deputy the morning of trial.

**SENSITIVE EXHIBITS:**

The courtroom clerk will NOT take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the government (usually the agent) until court resumes.  Pursuant to General Order 87-7 dated July 30, 1987,

> "the arresting or investigative agency or designated representative shall retain custody of sensitive exhibits prior to, throughout, and after the trial. Sensitive exhibits shall include drugs and drug paraphernalia, guns and other weapons, money and any other exhibits designated as sensitive by the court."

**WITNESS/EXHIBIT LISTS:**

**Counsel shall also prepare the exhibit and witness <u>lists</u> and provide them to the courtroom deputy in triplicate (3 total, 1 original and 2 copies) on the first day of trial.**

**Civil Cases: Counsel are NOT to provide the courtroom deputy with the Pretrial Order in lieu of the witness and exhibit lists.**

1. All marked exhibits should be listed on an exhibit list in the proper format. Be sure to leave space for to add any additional exhibits to be added. Do not mark exhibits as admitted or witnesses as appearing. The courtroom deputy will complete these lists at trial.

2. All witnesses should be listed in alphabetic order on a witness list in the proper format.

3. DO NOT FILE these lists. They will be filed by the courtroom deputy at the conclusion of the trial.

## STIPULATED EXHIBITS:

Parties may agree on exhibits prior to trial. Counsel may give the courtroom deputy clerk a list of the stipulated exhibits which will be marked into evidence after the parties move for their admission on the record.

## MEDICAL OR TECHNICAL TERMS:

Provide a list of medical or technical terms (in alphabetical order) to assist the court reporter prior to the commencement of trial.  These lists should be emailed to the chambers email address.

## RETURN OF EXHIBITS:

1. Pursuant to Local Rule (LRCiv 79.1/LRCrim 57.11), all exhibits are returned to respective parties to retain custody pending all appeals.  If the exhibits are not picked up within thirty (30) days of the Notice of Return of Exhibits, the clerk may destroy or otherwise dispose of those exhibits.

2. Usually trial exhibits are handed immediately back to the respective counsel by the courtroom deputy at the conclusion of trial.  When the case is taken under advisement and a verdict or court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

PDF versions of all forms are available at www.azd.uscourts.gov (under the "Judges' Information" tab, "Orders, Forms, & Procedures").

## ATTACHMENT #2

The parties shall submit a <u>joint</u> list of proposed jury instructions. The list shall contain the following sections:

I.  Section I - Preliminary Instructions (before opening statements). The parties shall list their preliminary instructions in the order in which they propose that such instructions will be read to the jury. At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.

If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction. The party opposing the instruction shall state all objections to such instruction <u>immediately following</u> the instruction and the opposing party's authority for such objection. If the opposing party offers an alternative instruction, such alternative instruction shall <u>immediately follow</u> the opposing party's objection.

II. Section II. Mid-Trial Instructions (limiting instructions etc.). The parties shall list all limiting instructions that they propose to be read during the trial. At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed.

If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction. The party opposing the instruction shall state all objections to such instruction <u>immediately following</u> the instruction and the opposing party's authority for such objection. If the opposing party offers an alternative instruction, such alternative instruction shall <u>immediately follow</u> the opposing party's objection.

NOTE: During trial it will be the proposing party's responsibility to advise the Court when the party believes the case has reached a point when a mid-trial instruction should be read.

III. Section III. Final Instructions (after closing arguments). The parties shall list their final instructions in the order in which they propose that such instructions will be read to the jury. At the top of each instruction, the parties should indicate whether the instruction is stipulated-to or disputed. If either party seeks to have any preliminary instruction or mid-trial instruction repeated as part of the final instructions, such party should restate that instruction in this Section III.

If the instruction is disputed, the party proposing the instruction shall include citation to authority to support the requested instruction. The party opposing the instruction shall state all objections to such instruction <u>immediately following</u> the instruction and the opposing party's authority for such objection. If the opposing party offers an alternative instruction, such alternative instruction shall <u>immediately follow</u> the opposing party's objection. Thus, only one instruction on any topic may be submitted, even if such submission is in alternate forms. The opposing party may NOT submit a new instruction on the topic rather than offer an alternative instruction to the proposing party's instruction.[3]

---

[3] If the parties cannot agree who should be the proposing party, the default proposing party will always be Plaintiff.

The parties must include the full text of all instructions, including model and standardized instructions. Each proposed instruction shall begin on a new page.

The parties should note that absent a showing of good cause, the failure to (1) submit a proposed instruction, (2) follow these directions, or (3) make an objection in the format set forth herein by the deadline stated in the Order Setting Final Pretrial Conference shall result in the instruction being refused or the objection being deemed waived.

**ATTACHMENT #3**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Plaintiff, | No.  CV |
|  | **JOINT PROPOSED FINAL PRETRIAL ORDER** |
| v. |  |
| , |  |
| Defendants. |  |

Following is the Joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference in this case set for _____ at _____.

**A.     Trial Counsel**

Provide the mailing address, email address, office and cell phone number, and fax number of trial counsel for:

Plaintiff(s):

Defendant(s):

**B**.     **Statement of Jurisdiction**

1.     Cite the statute(s) that give this Court jurisdiction (*e.g.,* Jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332).

2.     State whether jurisdiction is disputed. If jurisdiction is disputed, the party disputing jurisdiction must set forth with specificity the bases for its objection.

**C.     Stipulations and Uncontested Facts and Law**

1.     The following material facts are admitted by the parties and require no proof:

- 12 -

2.      The following material facts, although not admitted, will not be contested at trial by evidence to the contrary:

3.      The following issues of law are uncontested and stipulated to by the parties:

**D.      Contested Issues of Fact and Law**

1.      The following are the material issues of fact to be tried and decided:

**NOTE**:  Each issue of fact must be separately and specifically identified. Each party's contention must be provided with respect to each issue.  For example:

Issue #1:  Whether Plaintiff used due care.

Plaintiff:  Plaintiff looked both ways before crossing the street . . . .

Defendant:  Plaintiff ran into the street without looking . . . .

2.      The following are the issues of law to be determined:

**NOTE**:  Each issue of law must be separately and specifically identified. Each party's contention must be provided with respect to each issue of law.  For example:

Issue #1:  Whether Plaintiff's suit is barred by the doctrine of laches.

Plaintiff:  . . . .

Defendant:  . . . .

(A party may file a short trial brief, not to exceed five pages, on any issue of law contemporaneously with the filing of the Joint Proposed Final Pretrial Order.)

**E.      Witness List**

Each party must separately list the names of witnesses, their addresses, whether they are fact or expert witnesses, and a brief description of their anticipated testimony (except witnesses who may be called for impeachment).  The witnesses must be grouped as: (1) witnesses who will be called at trial; (2) witnesses who may be called at trial; and (3) witnesses who are unlikely to be called at trial.  Additionally, the parties must include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed.  Each party further understands that any witness a party wishes to call must be listed on that party's list of witnesses; the party cannot rely on the witness having

- 13 -

been listed or subpoenaed by another party."

**F.    Exhibit List**

1.    The following exhibits are admissible in evidence and may be marked in evidence by the Courtroom Deputy Clerk:

    a.    Plaintiff's Exhibits:

    b.    Defendant's Exhibits:

2.    The parties have reached the following stipulations regarding the following exhibits:

    a.    Plaintiff's Exhibits:

    b.    Defendant's Exhibits:

3.    The party against whom the following exhibits are offered objects to their admission as stated below:

    a.    Plaintiff's Exhibits:  [*E.g.,* City Hospital records of Plaintiff from March 1985.  Defendant objects for a lack of foundation because . . . .]

    b.    Defendant's Exhibits:  [*E.g.,* Payroll records of Plaintiff's employer that show payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of relevance and materiality because . . . .]

4.    If there are more than 20 exhibits, the parties must email their exhibit lists in Word format, at least five days before trial, to liburdi_chambers@azd.uscourts.gov.

5.    The offering party shall bring all marked exhibits the morning of trial.

6.    The parties must include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived."

**G.    Depositions to be Offered**

The parties must list the depositions that may be used at trial.  The portions to be read or submitted at trial must be identified by page and line number. Counter-designations (if any) to proposed deposition testimony shall also be listed in this section.

Additionally, the offering party must provide the Court with a copy of the offered deposition. The offering party must highlight, in color, the portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy should be provided. This copy must contain each party's highlighting (each party should use a different color).[4]

Any party objecting to the admission of any portion of a deposition shall identify by page and line number the portion to which objection is made and shall state the grounds of objection specifically.

The parties must include the following text in this section of the Joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any deposition not listed as provided herein will be disallowed, absent good cause."

**H.    Motions in Limine (Jury Trial Only)**

Motions in Limine and responses thereto must be filed as separate pleadings and in accordance with the Order Setting Final Pretrial Conference.

**I.    Pending Motions**

List all pending motions other than Motions in Limine.

**J.     Procedures for Expediting Trial**

The parties must discuss and report on all available procedures that might be used to expedite trial, including but not limited to (a) presenting stipulated summaries of deposition testimony rather than reading deposition excerpts; (b) editing videotaped depositions to limit the amount of time required for presentation; (c) using summary exhibits in place of voluminous documentary evidence; (d) stipulations on authenticity and foundation; (e) presenting direct expert testimony through summary or written reports; and (f) using courtroom technology to expedite the presentation of evidence. The parties are invited to contact chambers to arrange a time to visit the courtroom and examine its technology.

---

[4] The marked depositions are due the morning of trial with the Judge's copy of the exhibits.

**K.      Estimated Length of Trial**

_____ hours for jury selection (if applicable);

_____ hours for opening statements and closing arguments;

_____ hours for Plaintiff(s)' case, including cross-exam of other parties' witnesses;

_____ hours for Defendant(s)' case, including cross-exam of other parties' witnesses;

_____ hours total.

**L.      Proposed Trial Dates**

The parties shall propose at least two trial dates within 120 days of the final pretrial conference.

**M.       Jury Demand**

State whether a jury trial has been requested.  If a jury trial has been requested, indicate the appropriate selection:

1.      The parties stipulate that the demand for a jury trial was timely;

2.      The Plaintiff/Defendant contends the demand was untimely because [provide an explanation including legal citation]; or

3.      The Plaintiff/Defendant contends that although the request for trial by jury was timely, the request is otherwise improper as a matter of law because [provide an explanation including legal citations].

**N.      Proposed Findings of Fact and Conclusions of Law (Bench Trial Only)**

Proposed Findings of Fact and Conclusions of Law must be lodged by each party as a separate pleading in accordance with the instructions contained in the Order Setting Final Pretrial Conference.  The parties must include the following text in this section of the Joint Proposed Final Pretrial Order: "The separately lodged Proposed Findings of Fact and Conclusions of Law are incorporated by reference into this Joint Proposed Final Pretrial Order."

**O.      Voir Dire, Jury Instructions, and Forms of Verdict (Jury Trial Only)**

The proposed voir dire questions, proposed jury instructions, and proposed forms

of verdict must be filed in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**P.    Certifications**

The parties must include the following text in this section of the Joint Proposed Final Pretrial Order: "The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following: (1) All discovery has been completed; (2) The identity of each witness has been disclosed to opposing counsel; (3) Each exhibit listed herein is in existence, is numbered, and has been disclosed and shown to opposing counsel; (4) The parties have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference; (5) The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary); and (6) The parties acknowledge that once this Joint Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court."

_____                          _____
Attorney for Plaintiff(s)                          Attorney for Defendants(s)


Based on the foregoing,

**IT IS ORDERED** that this Joint Proposed Final Pretrial Order jointly submitted by the parties is hereby **APPROVED** and **ADOPTED** as the Final Pretrial Order of this Court.


**Dated** this ____ day of _____, _____.

- 17 -